1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE JEFFRIES, | ) Case No. CV 12-1351 R(JC) |
|               Plaintiff, | ) MEMORANDUM OPINION AND |
|      v. | ) ORDER DISMISSING ACTION |
| K. FIELDS et al., | ) |
|               Defendants. | ) |

On August 10, 2012, plaintiff Jessie Jeffries ("plaintiff") – who is in custody, is proceeding *pro se*, and has paid the filing fee – filed the operative First Amended Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), asserting claims against multiple defendants connected with the Federal Correctional Complex in Lompoc, California where plaintiff was formerly housed.   The Court thereafter dismissed certain defendants and claims in the First Amended Complaint.  On June 18, 2014, the remaining defendants filed an Answer to the remaining claims in the First Amended Complaint.

On June 18, 2014, the assigned United States Magistrate Judge ("Magistrate Judge") issued a Case Management and Scheduling Order ("Case Management

///

Order") which required, among other things, that the parties file a status report no later than August 18, 2014.  Defendants timely filed a status report on August 15, 2014, noting therein that plaintiff had failed to respond to outstanding interrogatories, requests for admission and requests for the production of documents, and that plaintiff's responses thereto had been due on August 4, 2014. Plaintiff failed to file the required status report.

In light of plaintiff's failure to file the requisite status report, the Magistrate Judge, on September 4, 2014, issued an Order to Show Cause directing plaintiff to file the requisite status report and to show cause in writing, on or before September 18, 2014, as to why he had failed to file the required status report and why the Court should not impose a sanction, including dismissal of this case for failure to prosecute, based upon plaintiff's failure to file the status report.  The Order to Show Cause expressly cautioned plaintiff that the failure to comply with the Order to Show Cause and/or to show good cause, might result in the dismissal of this action for failure to prosecute.  To date, plaintiff has not filed a status report or a response to the Order to Show Cause and the deadline to do so has passed.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962);p; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).
///

2

1       The Court finds that the first two factors – the public's interest in

2  expeditiously resolving this litigation and the Court's interest in managing the

3  docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance

4  indefinitely awaiting plaintiff's response to the Court's directives.  The third factor,

5  risk of prejudice to defendants, also weighs in favor of dismissal since a

6  presumption of injury arises from the occurrence of unreasonable delay in

7  prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.

8  1976).  The fourth factor, the public policy favoring disposition of cases on their

9  merits, is greatly outweighed by the factors in favor of dismissal discussed herein.

10  Finally, as plaintiff has already been cautioned of the consequences of his failure to

11  prosecute and his failure to comply with the OSC, has been afforded the

12  opportunity to do so, and has not responded, no sanction lesser than dismissal

13  without prejudice is feasible.

14       IT IS THEREFORE ORDERED that this action is dismissed based upon

15  plaintiff's failure to prosecute and failure to comply with the OSC.

16       IT IS SO ORDERED.

17  DATED: October 7, 2014

18

19  _____

20  HONORABLE MANUEL L. REAL
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

3